# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY MEADOWS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0849** (BOR Appeal No. 2048155)
                    (Claim No. 970042120)

**SWVA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry Meadows, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2013, in which the Board affirmed a January 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 5, 2012, decision to not authorize the request for binaural hearing aids. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Meadows, an employee of SWVA, Inc., developed occupational hearing loss in the course of and resulting from his employment. Mr. Meadows filed his workers' compensation claim on February 13, 1997, and his claim was held compensable for occupational hearing loss. On March 31, 2002, Mr. Meadows retired from SWVA, Inc., and was no longer exposed to occupational noise. On July 11, 2007, Mr. Meadows underwent an audiogram at LSG Hearing Aid Centers, which showed hearing loss. As a result, Mr. Meadows requested and was authorized for a set of hearing aids. On August 14, 2012, Mr. Meadows returned to LSG Hearing

Aid Centers for an additional audiogram. According to Linda Blankenship, a worker for LSG Hearing Aid Centers, Mr. Meadows's hearing had progressively worsened since his July 11, 2007, audiogram. She also found, as a result of the progression of hearing loss, that Mr. Meadows's hearing aids were not sufficient to correct his symptomology. Ms. Blankenship then requested that a new pair of hearing aids be authorized for Mr. Meadows. The claims administrator denied Mr. Meadows's request for hearing aids because it determined that the need for new hearing aids could in no way be related to Mr. Meadows's occupational noise exposure since Mr. Meadows retired in 2002 and was set up for hearing aids in 2007. Mr. Meadows protested.

The Office of Judges noted that Mr. Meadows's counsel admitted that his additional hearing loss was not due to his occupation. Furthermore, the Office of Judges also found that Mr. Meadows's original hearing aids were not malfunctioning in any way. As shown by Ms. Blankenship's letter, Mr. Meadows's hearing aids were simply no longer adequate in light of his increased hearing loss. The Office of Judges then cited to *Bilbrey v. Workers' Compensation Commissioner,* 186 W. Va. 319, 323, 412 S.E.2d 513, 517 (1991), which holds that it is "well accepted by experts that once exposure to noise ceases, hearing loss existing at that time must also cease any progression, unless other factors are involved in creating the hearing loss." Since Mr. Meadows retired in 2002, the Office of Judges found that the progression of his hearing loss could not be work related. As a result, the Office of Judges affirmed the claims administrator's decision to deny the request for binaural hearing aids. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Mr. Meadows has failed to prove he is entitled to a new set of hearing aids because the additional hearing loss is clearly not related to occupational noise exposure. In addition, it is apparent that Mr. Meadows's hearing aids are working properly. They are just not powerful enough to correct the non-compensable progression of his hearing loss. Pursuant to the holding in *Bilbrey*, the progression of Mr. Meadows's hearing loss could not be the result of his occupational exposure.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II